IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| UNITED STATES STEEL AND CARNEGIE PENSION FUND, | ) ) ) ) | 2:18-CV-00140-CRE |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| JOHN P. READAL, EXECUTOR OF THE ESTATE OF GERALD J. READAL; FRANCES S. READAL, AND; AND ROSEMARY A. BOOTH, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |

**MEMORANDUM OPINION[1]**

CYNTHIA REED EDDY, United States Magistrate Judge.

## I.     INTRODUCTION

This is a civil action for interpleader commenced on January 31, 2018 by Plaintiff United States Steel and Carnegie Pension Fund (hereinafter "Plaintiff" or the "Fund") against Defendants John P. Readal, as executor of the estate of Gerald J. Readal (the "Estate"), Frances S. Readal and Rosemary A. Booth (collectively "Defendants") involving competing claims to benefits under a plan governed by Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 to 1461 ("ERISA").  The Fund's complaint sets forth the following claims: (1) a claim for interpleader and deposit of the plan's funds; (2) a claim for equitable interpleader; and (3) a declaratory judgment to determine the proper beneficiary under the plan.  The Defendants answered the complaint and

---

[1]     All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

levied a negligence counterclaim against the Fund. The court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331. Presently for disposition is the Fund's motion to dismiss Defendants' counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (ECF No. 13).

For the reasons that follow, the Fund's motion is denied.

## II.      BACKGROUND

Decedent Gerald Readal is a former employee of United States Steel Corporation who died on April 17, 2017. At the time of his death, decedent was a participant in the United States Steel Corporation Savings Fund Plan for Salaried Employees (the "Plan"). Defendant John Readal is decedent's brother and the executor of decedent's estate, Defendant Frances Readal is decedent's former spouse and Defendant Rosemary Booth is decedent's sister. In August 1996, decedent designated Frances Readal as the sole primary beneficiary of his account under the Plan and Rosemary A. Booth as the sole contingent beneficiary of his account under the Plan. During his lifetime, decedent never revoked the beneficiary form or designated another beneficiary naming Frances Readal as the sole primary beneficiary of his account under the Plan.

After decedent's death, on July 11, 2017, the Estate made a claim to all of the assets of decedent's account under the Plan. Subsequently, both Frances Readal and Rosemary Booth made claims for any benefits they were entitled to under the Plan. Based upon the August 1996 designation form completed by decedent, the Fund determined that Frances Readal was the sole beneficiary under the Plan, denied the Estate's and Rosemary Booth's claims, and informed the Estate and Rosemary Booth of their right to appeal the Fund's decision. The Estate filed an appeal to the Fund, which was denied. Rosemary Booth also filed an appeal with the Fund, although it is

unclear whether the appeals process has been exhausted. Nevertheless, on January 4, 2018, on the Estate's motion for clarification of qualified domestic relations order in the Court of Common Pleas of Allegheny County, the court signed an order providing for "cancellation of [Francis Readal's] designation as beneficiary," prohibiting the Fund to "pay over any sums to [Francis Readal] until further order of court, and requiring Francis Readal to "pay over to the Estate of Gerald Readal . . . any and all sums received by [Francis Readal] as beneficiary of the" Plan. Order of 1/4/2018 Court of Common Pleas of Allegheny County, Family Division, 15-7619-005. The Fund alleges that this order was entered after no one appeared to oppose the motion and it cannot determine whether the Estate's motion was properly served upon Frances Readal.

The Fund claims that if it is not permitted to interplead in the present action, it is at risk for inconsistent liabilities and requests that this court fully adjudicate the Defendants' competing claims and establish with finality the Fund's legal obligations to the Defendants. Similarly, the Fund seeks to convert to cash and pay into the Court's registry upon order of court all of the assets of the decedent's Plan account. The Fund also seeks an injunction to enjoin Defendants and all other claimants "from instituting or prosecuting in any court a separate lawsuit relating to the aforesaid assets, determine the case, discharge plaintiff from all further liability, make the injunction permanent, and make all appropriate orders to the judgment." Compl. (ECF No. 1) at ¶ 28. Finally, the Fund seeks attorneys' fees and costs associated with bringing this action pursuant to 29 U.S.C. § 1132(g).

The Estate filed a counterclaim against the Fund alleging that as part of the divorce proceedings between Gerald Readal and Frances Readal, the Court of Common Pleas of Allegheny County, Pennsylvania entered a qualified domestic relations order giving Frances Readal a large portion of the decedents account under the Plan. In February 2017, decedent's divorce attorney

told decedent and John Readal to remove Frances Readal as beneficiary of the Plan if they had not already done so. Shortly before decedent's death, John Readal met with decedent at the nursing home where decedent was residing and decedent logged into the online portal to check his beneficiary designation. According to the online portal, it stated that the decedent had no beneficiary designation in effect and did not contain any information that online beneficiary designations were limited to those filed after October 1, 2004. Based upon this representation, decedent believed that his account would be paid to his estate and go to his son, who was the sole heir to his estate, and did not submit a beneficiary designation form naming his estate as the beneficiary. The Estate therefore alleges that the Fund was negligent under 29 U.S.C. § 1104(a)(1)(B) because its online portal did not contain complete information regarding beneficiary designations, it did not have a warning that the portal may not contain all of the information regarding pre-2004 beneficiary designations, it encouraged participants in the Plan to use the portal to obtain information about their accounts when participants believed information to be inaccurate, and it did not include a warning in the summary plan description that the portal would not provide accurate information about beneficiary designations made prior to October 2004. The Estate alleges that as a result of this allegedly negligent behavior, decedent did not revoke the beneficiary designation naming Frances Readal as the primary beneficiary and Rosemary Booth as the contingent beneficiary, and decedent would have named his Estate as the primary beneficiary of the Plan. The Estate alleges losses between $350,000 and $1.2 million.

The Fund filed the presently pending motion to dismiss the counterclaim of the Estate, and argues that the Estate's claim is not ripe or justiciable pursuant to Federal Rule of Civil Procedure 12(b)(1) and also fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III. DISCUSSION

### a. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Where the court's subject matter jurisdiction is challenged, the court must resolve this issue before proceeding to a disposition of the merits of the case. *Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977). The Fund argues that the Estate has not yet suffered any loss and therefore the court should dismiss its counterclaim under Rule 12(b)(1). The Fund does not fully explain its legal basis for seeking dismissal under Rule 12(b)(1) and for that reason its motion should be summarily rejected.[2] Even assuming the Fund properly briefed the issue of ripeness, and addressing the Fund's first argument that the Estate has not suffered any loss, this argument is rejected as the harm alleged by the Estate is not hypothetical or speculative.[3] Had the Fund not

---

[2] It must be pointed out that the Fund's brief in support of its motion to dismiss spans four pages and generally lacks any citation to legal authority and analysis to the facts of the case. The court cannot be expected to divine counsel's arguments regarding their basis for seeking dismissal. *See e.g.*, Fund's Br. (ECF No. 14) at 2 (the Fund argues that "[w]hether viewed as premature, unripe, future and contingent or simply non-justiciable, [the Estate's] counterclaim against the Fund should be dismissed under Rule 12(b)(1)[,]" without citation to any authority regarding these legal principals.). While the Fund passingly references the doctrine of "standing" in a footnote, any legal arguments relegated to a footnote will not be addressed by this court. The parties are cautioned that any future brief submitted to this court must contain citations to applicable legal authority and analysis to the facts of the case for any argument raised, or such motion will be denied as being without merit. "[Z]eal and advocacy is never an appropriate substitute for case law and statutory authority in dealings with the Court." *Anthony v. Small Tube Manufacturing Corp.*, 535 F.Supp.2d 506, 511 n.8 (E.D. Pa. 2007).

[3] The Article III constitutional requirement of ripeness requires that a federal court only decide cases and controversies that are not merely conjectural. *See Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n. 18, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993); *Nextel Commc'ns of the Mid–Atlantic Inc. v. City of Margate*, 305 F.3d 188, 192 (3d Cir.2002). The ripeness requirement therefore acts "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) (overruled on other grounds). In considering whether a case is

provided the Decedent with incorrect information regarding his beneficiary designation, it is reasonable to conclude that the Estate would have been the designated beneficiary and would have collected the Plan proceeds following Decedent's death.

Accordingly, the Fund's motion to dismiss on these grounds is denied.

### b. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

The Fund argues that the Estate's counterclaim should be dismissed for the same reasons set forth in the Court of Appeals for the Third Circuit's decision in *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258 (3d Cir. 2009) ("*Hovis*").[4] The Fund's reliance for dismissal of the Estate's

---

ripe, a court must consider "whether the facts of the case are sufficiently developed to provide the court with enough information on which to decide the matter conclusively, and whether a party is genuinely aggrieved so as to avoid expenditures of judicial resources on matters which have caused harm to no one." *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004). A court may raise the issue of ripeness where the parties have not. *Nextel*, 305 F.3d at 192.

[4]     Again, in its opening brief, the Fund does not attempt to explain how Prudential is applicable to the present action, and instead provides the court with a blocked quote from the opinion. *See* Fund's Br. (ECF No. 14) at 3-4.

counterclaim based upon this decision is premature. *Hovis* was an appeal of a district court's grant

of summary judgment in favor of Prudential for counterclaims raised by a claimant, and the district

court and Court of Appeals had the benefit of a completed record. Moreover, this court has not

decided whether interpleader is appropriate and that issue has not been raised by either party at the

present juncture. The Fund's reliance on *Hovis* for the proposition that the Estate's counterclaims

are outside the scope of the present interpleader action is premature and may be raised again at the

appropriate juncture. Moreover, the Fund does not argue that the Estate has failed to set forth any

element of a 29 U.S.C. § 1104(a)(1)(B) claim, and therefore its motion is denied.

## IV.    CONCLUSION

Based on the foregoing, the Fund's motion to dismiss the Estate's counterclaim pursuant

to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and pursuant to Federal Rule

of Civil Procedure 12(b)(6) for failure to state a claim (ECF No. 13) is DENIED. An appropriate

Order follows.


Dated: September 10, 2018.                        By the Court,
                                                  s/ Cynthia Reed Eddy
                                                  Cynthia Reed Eddy
                                                  United States Magistrate Judge


cc:     Counsel of record *via CM/ECF electronic filing*

7